[No. 2174.]

## H. A. Thompson v. The State.

Practice—Road Law.—A condition precedent to the authority of the commissioners' court to change a third class road to a first class road is that the said court, in the manner provided by law, shall ascertain the damage accruing to the owner of the land over which the said change is to be made, and make compensation to him for the same. See the opinion *in extenso* on the question.

Appeal from the County Court of Runnels. Tried below before the Hon. O. H. Willingham, County Judge.

The conviction in this case was for obstructing a public road, and the penalty assessed was a fine of one hundred dollars.

The opinion sufficiently discloses the case. The judgment was first affirmed without written opinion, but was reconsidered on motion for rehearing, and the cause disposed of by the opinion now reported.

*C. O. Harris* and *Rector, Moore & Thomson* filed separate briefs for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. Upon a careful reconsideration of this case we are satisfied that we erred in affirming the judgment of conviction.

Conceding that the road in question was a *third* class road at the time the commissioners' court established and classified it as a *first* class road, and conceding that it was in the power of said court to so establish and classify said road upon its own motion, under authority of Article 4361 of the Revised Statutes as amended by the act of February 5, 1884 (Gen. Laws, Spec. Sess. Eighteenth Leg., p. 21), then in force, still it appears that said action was taken without compensating defendant for his damages for taking his land for said road, or without taking the steps required by said act to be taken to ascertain said damages, etc. (Arts. 4370, 4371, 4372, Rev. Stat., as amended by act of February 5, 1884; Gen. Laws, Spec. Sess. Eighteenth Leg., p. 21.)

Our Constitution provides that " No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the State, such compensation shall first be made." (Const., Art. 1, sec. 17.) To change a third to a first class road, more of the owner's land must necessarily be taken (Rev. Stat., Arts. 4362, 4364), and furthermore, the owner of land over which a *third* class road is established has the privilege of erecting gates across said road (Rev. Stat., Art. 4389), which privilege, in many instances, would greatly lessen the damage to his land. It is, therefore, not only a *taking* but a *damaging* of his land to change a *third* into a *first* class road. It was not within the power of the commissioners' court to make this change without the consent of the defendant, who owned the land over which the road in question was established, without first having ascertained and compen-

sated his damages in the manner provided by the statute. This was a condition precedent to the right of the county to take the land for public use. (Davidson v. The State, 16 Texas Ct. App., 336.)

We conclude, therefore, that the action of the commissioners' court establishing and classifying said road over the defendant's land as a first class road, was in derogation of section 17, Article 1 of the Constitution, and hence was without authority of law, and is void. Defendant had a legal right to obstruct said road by erecting gates across it, and the facts of the case show that in so doing he has not violated the law. There being no legal ground for this prosecution, the judgment is reversed and said prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered December 13, 1886.